IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

EDDIE THOMAS                                                           PLAINTIFF

v.                          No. 2:19-cv-76-DPM

SOUTHWESTERN BELL TELEPHONE
COMPANY OF ARKANSAS; AT&T CORP;
MATTHEW ALBRECHT; RICK SEAWEL;
and JOHN DOES 1-10                                                   DEFENDANTS

ORDER

1. This case is a sequel to *Thomas v. Wilson*, No. 2:18-cv-67-DPM (E.D. Ark. 2018). In the first case, the Court dismissed without prejudice — based on pleading gaps — the same claims against the same defendants that Thomas pleads in this case. No. 2:18-cv-67-DPM, № 28. Thomas has added some facts.

2. Thomas says he had an agreement with his former employer, Southwestern Bell, to salvage the company's abandoned wire. Albrecht, a Southwestern Bell employee, saw Thomas digging up wire and called the Lee County Sheriff's office. Deputy Wilson arrived. Albrecht told him there was no agreement about salvaging wire. Deputy Wilson said Thomas could put the wire back without being arrested, but Thomas refused. Albrecht contacted Seawel, who wanted Thomas arrested. He was. Deputy Wilson wouldn't have arrested him if one of the telephone company folks had confirmed the agreement.

The local prosecutor filed criminal charges against Thomas. Those charges were dropped about four years later. As in his 2018 case, Thomas alleges constitutional violations, abuse of process, and malicious prosecution. The telephone companies and their employees again seek dismissal.

**3.** They're right about the constitutional claims. Thomas still hasn't pleaded any joint activity between Southwestern Bell, AT&T, or their employees and the state actors. The interactions between the telephone companies, their employees, and Deputy Wilson about Thomas and the wire aren't enough. *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558–59 (8th Cir. 1989); *West-Anderson v. Missouri Gaming Co.*, 557 F. App'x 620, 623 (8th Cir. 2014) (*per curiam*). As in the 2018 case, the Court need not grapple with the limitations question, because Thomas hasn't stated federal claims.

**4.** The only remaining claims are for abuse of process and malicious prosecution under Arkansas law. Ordinarily, the Court would decline to exercise supplemental jurisdiction over state claims after dismissing all federal claims. 28 U.S.C. § 1367(c)(3); *Missouri Roundtable for Life v. Carnahan*, 676 F.3d 665, 678 (8th Cir. 2012). But the Court will withhold a final ruling on the motion because of a lurking question. Given what happened in Thomas's prior case, would declining to exercise the discretionary jurisdiction provided by § 1367(c)(3) result in an adjudication on the merits of his state claims?

Please consider: ARK. R. CIV. P. 41; *Ballard Group, Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, 21, 436 S.W.3d 445, 457 (2014); *Jonesboro Healthcare Center, LLC v. Eaton-Moery Environmental Services, Inc.*, 2011 Ark. 501, 12, 385 S.W.3d 797, 804 (2011); and *Smith v. Washington*, 340 Ark. 460, 466, 10 S.W.3d 877, 881 (2000). The Court requests simultaneous letter briefs with the parties' thoughts on this question on 22 November 2019.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

7 November 2019