IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

EDDIE THOMAS                                                                PLAINTIFF

v.                               No. 2:19-cv-76-DPM

SOUTHWESTERN BELL TELEPHONE
COMPANY OF ARKANSAS; AT&T CORP;
MATTHEW ALBRECHT; RICK SEAWEL;
and JOHN DOES 1–10                                                          DEFENDANTS

## ORDER

The Court appreciates the parties' responding briefs. Notwithstanding the defendants' careful and candid reading of the cases, the danger on this unsettled question is that the Arkansas courts might *sua sponte* strictly apply the two-dismissal rule and not decide the merits of Thomas's state claims. The law should prefer decisions on the merits rather than procedural thickets. In these unique circumstances, the Court will exercise its discretion and retain supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Waters v. Madson*, 921 F.3d 725, 735 n.6 (8th Cir. 2019).

Thomas's abuse of process claim fails. He hasn't alleged facts showing that, after he was charged, the telephone companies or their employees took any actions in the vein of coercion or extortion. *South Arkansas Petroleum Co. v. Schiesser*, 343 Ark. 492, 501–3, 36 S.W.3d 317, 323–24 (2001).

Thomas has stated a claim for malicious prosecution. He says Albrecht lied to Deputy Wilson about the wire-salvaging agreement, which drove the arrest. Lying to a police officer, who relies on the false information when deciding whether to prosecute, can amount to malicious prosecution. *Schiesser*, 343 Ark. at 499–501, 36 S.W.3d at 321–23.

\* \* \*

The defendants' motion to dismiss the complaint, № 8, is denied as moot. Their motion to dismiss the amended complaint, № 12, is mostly granted and partly denied. Only Thomas's malicious prosecution claim goes forward.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

25 November 2019